# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **B.M., B.B.-1, B.B.-2, and L.B.**

**No. 16-0423** (Mineral County 16-JA-1, 16-JA-2, 16-JA-3 & 16-JA-4)

**FILED**

**September 19, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father A.B., by counsel Max H. White, appeals the Circuit Court of Mineral County's April 19, 2016, order terminating his parental rights to eight-year-old B.B.-1, seven-year-old B.B.-2, and six-year-old L.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Lauren M. Wilson, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in: (1) terminating his parental rights to his biological children, (2) denying him services related to his biological children, (3) denying his motions for a pre-adjudicatory and post-adjudicatory improvement period, and (4) adjudicating B.B.-1, B.B.-2, and L.B. as neglected children.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Because two of the children in this case have the same initials, we have distinguished each of them using numbers 1 and 2 after their initials in this Memorandum Decision. The circuit court case numbers also serve to distinguish each child.

[2]In the circuit court, this abuse and neglect proceeding concerned petitioner's biological children, B.B.-1, B.B.-2, and L.B., and petitioner's step-daughter, B.M. While petitioner appeals certain findings made in regard to the termination of his parental rights to his biological children, the circuit court did not terminate any rights that petitioner may have to B.M., and petitioner does not make any arguments regarding B.M. on appeal. As such, this memorandum decision concerns only the termination of petitioner's parental rights to B.B.-1, B.B.-2, and L.B.

In January of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that he sexually abused B.M., his step-daughter, on New Year's Eve. The petition contained additional allegations that petitioner used illegal drugs, committed domestic violence in the presence of the children, and failed to provide safe living conditions. Thereafter, petitioner filed a motion for a pre-adjudicatory improvement period.

The following month, the circuit court held an adjudicatory hearing during which it heard testimony from several witnesses that B.M. disclosed an ongoing pattern of inappropriate touching by petitioner that increased in severity over time. The witnesses also testified that B.M. witnessed petitioner commit domestic violence against the children's mother and observed petitioner crush up and snort pills. By order entered March 4, 2016, the circuit court found that petitioner sexually abused B.M., exposed all of the children to substance abuse, and failed to provide all of the children a safe home. Petitioner moved for a post-adjudicatory and dispositional improvement period.

In April of 2016, the circuit court held a dispositional hearing during which it heard testimony that it was in the children's best interests to deny petitioner any visitation. By order entered April 19, 2016, the circuit court found that there was no reasonable likelihood that the conditions of abuse and/or neglect could be corrected in the near future and that it was in the children's best interest to terminate petitioner's parental rights. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

To begin, this Court finds no merit to petitioner's argument that the circuit court erred in adjudicating petitioner as an abusing and/or neglecting parent to B.B.-1, B.B.-2, and L.B. This Court has held that

> [w]here there is clear and convincing evidence that a child has suffered . . . sexual abuse while in the custody of his or her parent(s), guardian, or custodian, another child residing in the home when the abuse took place who is not a direct

2

> victim of . . . sexual abuse but is at risk of being abused is an abused child under
> W.Va.Code, 49–1–3(a) (1994).

Syl. Pt. 2, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995). As noted above, the circuit court found that petitioner sexually abused B.M. Therefore, B.B.-1, B.B.-2, and L.B. are abused children because they were residing in the home during the sexual abuse and were at risk of being abused. Furthermore, petitioner's argument ignores the fact that the circuit court found that he abused and/or neglected B.B.-1, B.B.-2, and L.B. on grounds separate from the sexual abuse. Specifically, the circuit court found that petitioner abused and neglected these children by exposing them to substance abuse and failing to provide a safe home. For these reasons, petitioner is entitled to no relief in this regard.

Next, petitioner argues that the circuit erred in terminating his parental rights without implementing services in the underlying proceedings. While we note that the circuit court did not find that aggravated circumstances existed in this case, a review of the appendix record reveals that there is sufficient evidence that the circuit court could have found that aggravated circumstances existed. West Virginia Code § 49-4-604(b)(7) provides, in relevant part, that "the [DHHR] is not required to make reasonable efforts to preserve the family if the court determines . . . [t]he parent has subjected the child, another child of the parent or any other child residing in the same household . . . to aggravated circumstances which include, but are not limited to . . . sexual abuse."

Here, the circuit court specifically found that petitioner sexually abused B.M. Based upon this finding, it is clear that petitioner subjected all the children to aggravated circumstances by such abuse to B.M. For these reasons, the DHHR was not required to make reasonable efforts to return the children to petitioner's home, and we find no error in the circuit court proceeding to disposition in the absence of such efforts.

Related to this assignment of error, petitioner argues that the circuit court erred in denying him a pre-adjudicatory or post-adjudicatory improvement period. As noted above, the DHHR was not required to make efforts to preserve the family based upon aggravated circumstances. Be that as it may, we have explained that West Virginia Code §§ 49-4-610(1) and (2) provide circuit courts with discretion in determining whether to grant or deny a post-adjudicatory improvement period to petitioner in these proceedings. *See Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher*, 174 W.Va. 618, 626 n. 12, 328 S.E.2d 492, 500 n. 12 (1985) (stating that"[a]n elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion." (citations omitted)); *see also In re Tonjia M*, 212 W.Va. 443, 448, 573 S.E.2d 354, 359 (2002) (stating that "[w]e have held that the granting of an improvement period is within the circuit court's discretion."). Accordingly, a circuit court may grant an improvement period to a respondent parent who demonstrates by clear and convincing evidence that he is likely to fully participate in the same. Here the record is devoid of any evidence that petitioner was likely to fully participate in an improvement period. Therefore, based on the record before us, we find that petitioner failed to satisfy this burden. As such, we find no abuse of discretion in the circuit court's denial of an improvement period herein.

3

Finally, petitioner contends that the circuit court erred in terminating his parental rights to B.B.-1, B.B.-2, and L.B. We disagree. We have often explained that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon such findings. Here, the circuit court found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that the children's welfare required termination. Therefore, we find no merit to petitioner's assignment of error on appeal.

For the foregoing reasons, we find no error in the circuit court's April 19, 2016, order, and we hereby affirm the same.

Affirmed.

**ISSUED**:  **September 19, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II